IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALICIA MOORE,

                Plaintiff,

v.

THE METROPOLITAN TULSA
TRANSIT AUTHORITY, et al.,

                Defendants.

Case No. 23-CV-00154-SEH-SH

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Dismiss Without Prejudice. [ECF No. 85]. Also before the Court are several pending motions to strike filed at ECF Nos. 62, 65, 66, 70, 82, 83, 84, and 104. For the reasons stated below, the motions to strike are granted. Further, Plaintiff's motion to dismiss is construed as a motion to amend under Fed. R. Civ. P. 15, and the motion is granted.

## I.    Background and Discussion

Plaintiff Alicia Moore initiated this action against three named defendants: (1) "Tulsa Transit;" (2) "Union;" and (3) "Community Care." [ECF No. 1. at 1]. The proper party name for Tulsa Transit is The Metropolitan Tulsa Transit Authority. [ECF No. 63]. The proper party name for the Union is ATU, Local 892. [ECF No. 68]. The proper party name for Community Care

is CommunityCare HMO, Inc. [ECF No. 18] (attorney Hilary Velandia entering an appearance on behalf of CommunityCare HMO, Inc.).

After Ms. Moore filed her initial complaint, she filed an amended complaint. [ECF No. 57]. Because Ms. Moore did not follow the procedures set forth in Fed. R. Civ. P. 15 and LCvR 7-1, the amended complaint was stricken. [ECF No. 58].

### A. The Motions to Strike

After her amended complaint was stricken, Plaintiff then filed three additional amended pleadings. [ECF Nos. 60, 77, and 95]. Those filings are the subject of several pending motions to strike. [ECF Nos. 62, 65, 66, 70, 82, 83, 84, and 104]. In response to some of the motions to strike, Plaintiff filed a "Motion to Not Strike" [ECF No. 94], which I construe as a response to the motions to strike. In her response, Plaintiff does not specifically address the procedural issues raised in the motions to strike about seeking leave to amend or the timeliness of her amended pleadings.

Like Plaintiff's initial attempt to amend her complaint, the time for her to amend as a matter of course passed well before she filed ECF Nos. 60, 77, and 95. Fed. R. Civ. P. 15(a)(1). She also failed to seek leave of court or the opposing parties' consent to file an amended pleading, as required by Fed. R. Civ. P. 15(a)(2).

Because Plaintiff again failed to follow these procedural requirements, her filings at ECF Nos. 60, 77, and 95 are stricken. [1] *Janis v. Earle*, No. 20-CV-193-TCK-JFJ, 2021 WL 66653, at *1–2 (N.D. Okla. Jan. 7, 2021) (granting a motion to strike an amended complaint that was filed after the time to amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)). Therefore, Plaintiff's original complaint [ECF No. 1] is the operative pleading, and the only defendants in this action are The Metropolitan Tulsa Transit Authority, ATU, Local 892, and CommunityCare HMO, Inc. *See May v. Segovia*, 929 F.3d 1223, 1233 (10th Cir. 2019) (citing *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) for the proposition that "an improperly filed amended complaint does not have the legal effect of superseding the allegations in the original complaint for purposes of assessing whether dismissal is appropriate.").[2] Notably, Ms. Moore is the only plaintiff in this case. Several of her filings purport to include other individuals listed as plaintiffs, but *pro se* plaintiffs may not bring actions on behalf of other individuals. *Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020).

---

[1] Plaintiff's filing at ECF No. 60 could arguably be construed as a motion to amend the complaint. So could her filing at ECF No. 95. However, because Plaintiff's motion to dismiss [ECF No. 85] is construed as a motion to amend, the matter is moot.

[2] If improperly filed amended complaints do not supersede allegations in the original complaint for purposes of deciding a motion to dismiss, then it follows that improperly filed amended complaints do not supersede an original complaint for purposes of deciding a motion to amend.

Therefore, the motions to strike filed at ECF Nos. 62, 65, 66, 70, 82, 83, 84, and 104 are granted. Because Plaintiff will be given an opportunity to amend her complaint, all the alternative grounds for relief requested in these motions are denied as moot.

**B. Plaintiff's Motion to Dismiss (Construed as a Motion to Amend)**

Because Plaintiff is proceeding *pro se*, I must liberally construe her filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The entirety of Plaintiff's request in her motion to dismiss is as follows:

> Pursuant to Fed R. Civ Proc. Rule 41(a)(2), Plaintiff, Alicia Moore, hereby moves for the Voluntary Dismissal of the above-entitled action Without Prejudice against defendant's mentioned and stated above, in order to add co-defendant's and evidence/information correctly.

[ECF No. 85 at 2]. Confusingly, however, after Plaintiff filed her motion to dismiss under Rule 41(a)(2), she filed a motion in which she asks the Court to not strike her amended complaint. [ECF No. 93 at 1].[3] Plaintiff then filed yet another amended "petition." [ECF No. 95].

It is abundantly clear from the record that Plaintiff struggles to move her case forward within the guidelines set forth in the Federal Rules of Civil Procedure and the Court's Local Rules. But given Plaintiff's repeated attempts to amend her complaint, and considering her statement in the

---

[3] As noted above, I construe this filing as a response to the defendants' motions to strike.

motion to dismiss that she seeks to "add co-defendant's and evidence/information correctly," I will construe Plaintiff's motion to dismiss as a motion to amend under Fed. R. Civ. P. 15.

Certain defendants take the position that Plaintiff should not be given leave to amend. [ECF No. 82 at 5–6]; [ECF No. 83 at 1]. However, Fed. R. Civ. P. 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants have no doubt incurred costs thus far in responding to Plaintiff's various filings. But this case is still in its relatively early procedural stages. Considering all the circumstances, I find the defendants would not suffer any *undue* prejudice, and no *undue* delay if Plaintiff is given leave to amend. Although Plaintiff provides little explanation as to why she should be allowed to amend her complaint, no prior amendments have been allowed. And it is not yet clear that amendment would be futile, as she appears to indicate her good faith intent to plead her case "correctly." [ECF No. 85 at 2]. Therefore, Plaintiff is granted leave to amend her complaint.

## II.   Conclusion

Defendants' motions to strike filed at ECF Nos. 62, 65, 66, 70, 82, 83, 84, and 104 are GRANTED insofar as the amended pleadings filed at ECF Nos. 60, 77, & 95 are STRICKEN, but any alternative grounds for relief stated in defendants' motions to strike are DENIED as MOOT because Plaintiff will be allowed to amend her complaint.

Further, and for the reasons set forth above, Plaintiff's Motion to Dismiss Without Prejudice [ECF No. 85], which is construed as a motion to amend the complaint pursuant to Fed. R. Civ. P. 15, is GRANTED. Plaintiff is DIRECTED to file an amended complaint no later than 14 days after this order is entered.

Because Plaintiff is given leave to amend her complaint, the following pending motions are DENIED as MOOT:

- Defendant CommunityCare's Motion to Dismiss All Claims and Brief in Support [ECF No. 19];
- Motion to Dismiss of Camilla Hunter and Brief in Support [ECF No. 36];
- Michael Colbert's Motion to Dismiss [ECF No. 41]; and
- Motion to Not to Dismiss of Camilla Hunter [ECF No. 44].

Finally, a word of caution. Although I liberally construe Plaintiff's filings because she is proceeding *pro se*, she must still follow the same procedural rules that apply to all litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276,

1277 (10th Cir. 1994)). The Federal Rules of Civil Procedure and the Court's

Local Rules are available on the Court's website at

https://www.oknd.uscourts.gov/local-rules. Failure to comply with the rules

may result in dismissal, and leave will not be granted for future amendments

proving to be futile.

DATED this 14th day of February, 2025.

_Sara Hill_
_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE