IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALICIA MOORE,

       **Plaintiff,**

v.

THE METROPOLITAN TULSA
TRANSIT AUTHORITY, et al.,

       **Defendants.**

Case No. 23-CV-00154-SEH-SH

## OPINION AND ORDER

The Court has previously entered orders instructing Plaintiff to file an amended complaint by certain deadlines. Plaintiff has failed to comply, so the Court dismisses this action.

**I. Background**

On February 14, 2025, the Court entered an opinion and order construing Plaintiff's motion to dismiss without prejudice [ECF No. 85] as a motion to amend her complaint. [ECF No. 108]. The Court granted the motion and directed Plaintiff to "file an amended complaint no later than 14 days after this order is entered." [ECF No. 108 at 6]. Plaintiff did not file an amended complaint within 14 days. Despite Plaintiff's failure to timely file an amended complaint, the Court extended Plaintiff's deadline to March 19, 2025. [ECF No. 109 at 2]. The Court warned Plaintiff that failure to comply would result in

dismissal without prejudice. [*Id.*]. Plaintiff has failed to comply with the Court's order because no amended complaint has been filed as of the time this order is entered.

## II. Discussion

Fed. R. Civ. P. 41(b) allows for dismissal "[i]f the plaintiff fails to prosecute or to comply with … a court order." Although Rule 41(b) contemplates dismissal upon a motion, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Because this action is dismissed without prejudice, the Court "need not follow 'any particular procedures.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n. 10 (10th Cir. 2007) (citation omitted). Although the Court need not analyze the traditional factors that are used to determine whether dismissal with prejudice is proper, the Court will do so here to show why dismissal is the appropriate result.

There are five factors to consider: "(1) the degree of actual prejudice to the defendant;" "(2) the amount of interference with the judicial process;" "(3) the culpability of the litigant;" "(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" and "(5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

First, considering Plaintiff's statement that she wishes to "add co-defendant's and evidence/information correctly," [ECF No. 85 at 2], it is not clear what Plaintiff's claims are or who she asserts her claims against. Defendants are entitled to know what claims asserted against them, so any uncertainty on this front is highly prejudicial.

Second, continued noncompliance with the Court's orders and the applicable rules substantially interferes with the judicial process. In addition to Plaintiff's noncompliance with the Court's orders, Plaintiff has repeatedly failed to comply with the Court's Local Rules and the Federal Rules of Civil Procedure. *See* [ECF No. 108 at 2–4] (summarizing Plaintiff's failure to comply with the rules governing amendment). Plaintiff's repeated failures to comply with the rules and the Court's orders has disproportionately increased the workload of the Court, thus substantially interfering with the administration of justice.

Third, Plaintiff is entirely culpable. The Court previously identified why Plaintiff's filings failed to comply with the applicable rules [ECF No. 58], and the responsibility to comply with Court's instruction to file an amended complaint is Plaintiff's responsibility alone.

Fourth, the Court specifically warned Plaintiff that failure to file an amended complaint could result in dismissal. [ECF No. 109 at 2].

Fifth, no lesser sanction would be sufficient. It appears that Plaintiff has abandoned her case, and Plaintiff's failure to prosecute and comply with the Court's orders leaves this case at a standstill.

After considering all these factors and the circumstances presented in this case, the Court determines that dismissal is appropriate.

### III. Conclusion

For the reasons stated above, this action is DISMISSED WITHOUT PREJUDICE. A separate judgment will be entered.

DATED this 24th day of March, 2025.

*Sara E. Hill*

Sara E. Hill
UNITED STATES DISTRICT JUDGE